DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

In re Guardianship of Mary Lucy Bandoian,
an incapacitated person.

KEVIN BANDOIAN,

Appellant,

v.

ALISON CARPENTER, as guardian of Mary Lucy Bandoian,
an incapacitated person,

Appellee.

No. 2D2025-1993

————————————————

August 14, 2026

Appeal from the Circuit Court for Pinellas County; Pamela A.M. Campbell, Judge.

Russell R. Winer, St. Petersburg, for Appellant.

No appearance for Appellee.

BLACK, Judge.

Kevin Bandoian, the son of Mary Lucy Bandoian, appeals from the Order Adjudicating Incapacity and Appointing Plenary Guardian of Person and Property. Because the order was rendered in violation of clear statutory language and Mr. Bandoian's due process rights, we reverse.

In November 2024 Mr. Bandoian's sister filed a Petition to Determine Capacity and Amended Verified Petition for Appointment of Guardian for their mother, Mary Lucy.[1]  Mr. Bandoian—who had served as his mother's durable power of attorney and healthcare proxy for many years—objected to the petition and, on January 22, 2025, filed a Notice of Asserting Lesser Restrictive Alternatives to Guardianship, arguing that a durable power of attorney and health care proxy were sufficient alternatives.

The petition was set for hearing, and the notice of hearing, issued June 10, 2025, included that the hearing would be held in person before the general magistrate at the Clearwater Annex on June 27, 2025, at 9 a.m.  The day before the hearing (June 26), Mr. Bandoian filed two documents: a motion to continue the hearing and an objection to the general magistrate hearing the petition to determine capacity and amended petition for appointment of guardian.

The motion to continue was premised on outstanding necessary discovery.  The motion also correctly asserted that there had been no suggestion that the petition was an emergency.  There is no order in the record indicating that this motion was ruled upon.  There is also no order on Mr. Bandoian's objection to the general magistrate hearing the petition and no notice setting the petition to be heard before a judge.

On June 27, 2025, the hearing proceeded not before a general magistrate at the Clearwater Annex, as the only notice of hearing in either record directs, but before a circuit court judge at a different location.  The order on appeal is identical to the proposed order filed by

---

[1] Prior to the entry of the order at issue, there were two pending cases involving Mary Lucy Bandoian: an incapacity case and a guardianship case.

the petitioner, Mr. Bandoian's sister. The order states that the hearing was held an hour and a half after the scheduled hearing before the magistrate. The order also states that the magistrate determined that she could not proceed with the hearing because of Mr. Bandoian's objection and that she advised all present—including an attorney for Mr. Bandoian (Mr. Bandoian and his primary counsel did not appear)—that the hearing would be handled that day "and during the time scheduled for the hearing by" the circuit court judge. There is no time provided in the order and no indication in the order that the parties were advised where the hearing would take place, only that they were advised they could appear via Zoom or in person. The order states only that "[t]he court sent an email with the Zoom log-in and call-in information to all counsel of record." There is no indication when this email was sent or whether it provided the change in location.[2]

The order on appeal adjudicates Mary Lucy incapacitated, revokes the power of attorney and health care proxy executed by Mary Lucy in favor of Mr. Bandoian, and appoints a professional guardian for Mary Lucy.

On appeal, Mr. Bandoian asserts that the trial court failed to comply with section 744.331(5), Florida Statutes (2024), and deprived him of due process. This court reviews questions of statutory interpretation de novo. *In re Guardianship of Beckford*, 416 So. 3d 345, 347 (Fla. 2d DCA 2025). We likewise review claims of a deprivation of

---

[2] The motion for continuance filed by Mr. Bandoian is referenced by opposing counsel at the hearing, but no argument or ruling was made. The order and the transcript of the hearing before the circuit court judge establish that the judge attempted to reach an attorney for Mr. Bandoian and left a voice message for her and that the Zoom link was open for the entirety of the hearing but Mr. Bandoian did not appear.

procedural due process de novo. *See In re Guardianship of McLain*, 406 So. 3d 1134, 1138 (Fla. 2d DCA 2025) (citing *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019)).

Section 744.331(5)(a) addresses adjudicatory hearings in incapacity proceedings and provides that "[t]he adjudicatory hearing must be conducted at the time and place specified in the notice of hearing and in a manner consistent with due process." Section 744.331(5) is applicable to the guardianship determination through section 744.3371(1), providing that "[w]hen the petition for appointment of a guardian for an incapacitated person is heard upon the conclusion of the hearing in which the person is determined to be incapacitated, the court shall hear the petition without further notice."

The only notice for the adjudicatory hearing set forth a time and location different from the time and location at which the hearing occurred. The magistrate's advising the parties that the hearing would proceed before a circuit court judge on the same day does not satisfy the statutory language requiring that the time and place be specified in the notice of hearing.[3] "The statutes governing the adjudication of incapacity and the appointment of a guardian for an incapacitated person are to be strictly construed." *Adelman v. Elfenbein*, 174 So. 3d 516, 518 (Fla. 4th DCA 2015) (citing *Fey v. Curtis*, 624 So. 2d 770, 772 (Fla. 4th DCA 1993)).

---

[3] We note that Mr. Bandoian's objection to the magistrate presiding over the hearing does not impact the statutory requirement because although the statute also requires the adjudicatory hearing to be conducted no more than thirty days after the filing of the last report of the examining committee, "good cause" will extend that period. *See* § 744.331(5)(a).

4

Moreover, as Mr. Bandoian points out, referral to a magistrate requires the consent of the parties. *See* Fla. Prob. R. 5.095(c) ("No referral shall be made to a magistrate without the consent of the parties."). And once the objection to the magistrate hearing the petition was filed, the magistrate could take no further action. *Cf. Humphrey v. Humphrey*, 296 So. 3d 536, 539 (Fla. 1st DCA 2020) (concluding that pursuant to Florida Family Law Rule of Procedure 12.490, which has identical language to rule 5.095, "[o]nce the objection [to the magistrate] is filed, the implied consent to proceeding before a magistrate has ended, and therefore, there is no ability under rule 12.490 for the magistrate to act any further"). "Unlike an Article V judge, a magistrate has no inherent authority but has only the authority permitted by rule. 'The judicial power' granted to judges under the Florida constitution is 'not delegable and cannot be abdicated in whole or in part by the courts.' " *Id.* (quoting *Callison v. Smith*, 198 So. 475, 482 (Fla. 1940)). Thus the magistrate was without authority to schedule a hearing before a circuit court judge.

We need not address the merits of the other issues raised by Mr. Bandoian in light of our resolution of his due process argument. Whether the court abused its discretion by proceeding with the hearing without addressing the pending motion for continuance is now moot, and whether the trial court failed to properly consider a less restrictive alternative to guardianship will necessarily be addressed on remand.[4]

---

[4] Section 744.331(6)(b) provides that "[a] guardian may not be appointed if the court finds there is an alternative to guardianship which will sufficiently address the problems of the incapacitated person." Here, the court's ruling came immediately following opening statements from counsel; no testimony was presented. The petitioner asked for three examining committee reports to be accepted into evidence; however,

5

We reverse the order on appeal for further proceedings consistent with this opinion.

Reversed and remanded.

VILLANTI and SLEET, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.

there is no indication in the record that the court reviewed the committee reports. *Cf. Shen v. Parkes*, 100 So. 3d 1189, 1191-92 (Fla. 4th DCA 2012) ("Even if it could be said that the guardianship statute permits the court to consider the comprehensive examination portion of the [committee] reports in the face of a hearsay objection, the statute does not reference the court's consideration of the remainder of the reports, which includes the . . . finding of incapacity and need for limited or plenary guardianship."). Rather, the court appears to have relied on the statements of counsel as to what the reports concluded, and there is no indication that the power of attorney held by Mr. Bandoian was considered: "The court will receive all three examining committee reports; Dr. Young, Dr. Williams and Nurse Ratcliff. The Court is finding that there are no lesser restrictive alternatives available except for the plenary guardianship . . . ." The court then moved into who would be appointed as the guardian.